# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cr-30019 |
| ) | |
| KATRELL GREER, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

On December 8, 2023, Defendant filed a Motion to Reduce Sentence (Doc. 40) pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the Sentencing Guidelines. The Court appointed the Federal Defender's Office to represent Defendant in this matter pursuant to General Order 23-05. On December 18, 2023, the Federal Defender filed a Motion to Withdraw (Doc. 42).

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n. 1(A).

Amendment 821 to the Guidelines enacted two retroactive adjustments. The initial revision pertains to "status points" within U.S.S.G. § 4A1.1(d). Previously, this provision added two criminal history points under § 4A1.1(d) if a defendant committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." This provision has now been reclassified to § 4A1.1(e), stipulating a one-point increase for offenders with seven or more criminal history points under subsections (a) through (d) who were under a criminal justice sentence at the time of the offense. Offenders with six or fewer criminal history points no longer receive "status points." The second alteration allows for a two-point deduction from a defendant's base offense level for certain "zero-point offenders." To qualify as a "zero-point offender," a defendant must satisfy a set of criteria outlined in U.S.S.G. § 4C1.1.

At the time of sentencing, Defendant was assessed a total offense level of 25 and a criminal history category of I, which resulted in a guideline range of 57-71 months imprisonment. Defendant did not receive status points under Section 4A1.1(d). However, as noted and considered by the Court during the sentencing hearing, Defendant met the initial qualifications as a "zero-point offender" under 4C1.1, reducing his total offense level to 23.

Defendant was sentenced on June 13, 2023, to 36 months' imprisonment. With the application of Amendment 821 to Defendant, his amended guideline range is 46-57 months' imprisonment. Under Section 1B1.10(b)(2)(A), a court is prohibited from reducing Defendant's term of imprisonment under 18 U.S. C. §3582(c)(2) "to a term that is less than the minimum of the amended guideline range determined under subdivision (1)" of Section 1B1.10. Given the Defendant's current sentence of 36 months' imprisonment is below the amended guideline range, he is not eligible for any reduction under Amendment 821. This conclusion is further supported by the Criminal History Calculations provided by the United State Probation Office.

Accordingly, Defendant's Motion to Reduce Sentence (Doc. 40) is DENIED. The Federal Defender's Motion to Withdraw as Counsel (Doc. 42) is GRANTED.

ENTER: April 22, 2024

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE